Pierre Dib ZAAROUR, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–73380.
Agency No. A70–039–455.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.**

Decided Aug. 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**286**

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM ***

Pierre D. Zaarour, a native and citizen of Lebanon, petitions for revieew of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of an immigration judge denying his applications for asylum and withholding of deportation. Because the transitional rules apply, we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We deny the petition.

We review the BIA's factual findings for substantial evidence. *See Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999). When an alien seeks a reversal of the BIA's ruling, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Zaarour's evidence that he was forced to provide camouflage cloth for the Christian Lebanese Militia did not compel a finding of past persecution or a well founded fear of future persecution on account of his neutral political opinion, the BIA's decision to deny asylum is supported by substantial evidence. *See id.* at 482–83, 112 S.Ct. 812 (forced recruitment without more is insufficient to establish persecution on account of one's political opinion);

*Aruta v. INS,* 80 F.3d 1389, 1395–96 (9th Cir.1996).

Because Zaarour failed to qualify for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

